**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ruslan Makhmudov,

Petitioner,

v.

Unknown Party, et al.,

Respondents.

No. CV-26-01965-PHX-KML (MTM)

**ORDER**

After the court granted petitioner Ruslan Makhmudov's habeas petition challenging his immigration detention and ordered a bond hearing (Doc. 8), he filed a motion for reconsideration (Doc. 11). His motion argues the court should have granted him immediate release instead of a bond hearing and alternatively requests a new bond hearing at which the government bears the burden of justifying continued detention by clear and convincing evidence. (Doc. 11 at 4-7.) Respondents do not oppose another bond hearing at which the burden is shifted. (Doc. 13.) Makhmudov's motion for reconsideration is granted in part.

As to immediate release, reconsideration is denied because the motion essentially asks the court to "to rethink what [it] has already thought through—rightly or wrongly." *Ramirez v. Medtronic Inc.*, 961 F. Supp. 2d 977, 1005 (D. Ariz. 2013) (simplified). Contrary to Makhmudov's argument, bond hearings are the usual remedy for substantive due process claims based on prolonged detention. *See Padilla v. United States Immigr. & Customs Enf't*, --- F.4th ----, 2026 WL 2822044, at *18 (9th Cir. 2026) (describing the "long history" of substantive due process limitations on the government's ability to detain

people, including "the widespread availability of bail" and "judicial review of the legality of confinement").

Respondents do not oppose the other relief Makhmudov's motion requested, that is, "a new bond hearing, at which the Government bears the burden of proof by clear and convincing evidence, to justify Petitioner's continued detention." (Doc. 13 at 1 (citing *Singh v. Holder*, 638 F.3d 1196, 1203-04 (9th Cir. 2011)).) Accordingly, the court grants the portion of the motion requesting that relief.

Accordingly,

**IT IS ORDERED granting in part** the motion for reconsideration (Doc. 11). **Within seven days of the date this order is docketed**, respondents must provide petitioner a bond hearing before a neutral adjudicator at which the government must bear the burden of showing that Makhmudov should not be released on bond because he is a flight risk or a danger to the community pursuant to the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), or release him from custody under the same conditions that existed before his re-detention.

**IT IS FURTHER ORDERED** respondents must provide a notice of compliance within three days of releasing petitioner or providing him a bond hearing. That notice must include the result of the bond hearing.

Dated this 8th day of October, 2026.

Krissa M. Lanham

**Honorable Krissa M. Lanham**
**United States District Judge**